# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TARACAS G. ROBINSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-16-299-R |
| ) | |
| JAMES CRABTREE CORRECTIONAL, ) | |
| CENTER, et al., ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

Plaintiff, appearing pro se and in forma pauperis, brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his federal constitutional rights. The matter has been referred by United States District Judge David L. Russell for proposed findings and recommendations consistent with 28 U.S.C. § 636(b)(1)(B) and (C). An initial review of Plaintiff's Complaint [Doc. No. 1] has been conducted pursuant to 28 U.S.C. § 1915(e)(2). For the reasons set forth below, the Court finds Plaintiff's Complaint fails to state any plausible claims upon which § 1983 relief may be granted and/or seeks monetary relief against a defendant who is immune from such relief. Accordingly, it is recommended that Plaintiff's Complaint be dismissed and that the claims against Defendants James Crabtree Correctional Center, Garfield County Jail and Paul Woodward be dismissed with prejudice.

I.      **Factual Background / Plaintiff's Claims**

Plaintiff filed his Complaint on March 30, 2016 and that time Plaintiff was incarcerated at the Garfield County Jail (Jail).[1] Plaintiff's claims for relief are so conclusory as to be mostly unintelligible.

In Claim 1, Plaintiff states: "my right to a fast speedy trial / or dismissal of charges," "negative avernment," "ineffective assistance," "defamation of character." He identifies the "Garfield County Correctional Center" as the defendant against whom this claim is brought. *See* Compl. at ECF p. 6.[2] As relief, Plaintiff requests that pending charges against him be dropped and that he be awarded damages for "the days [he] was held on the charges." *Id*. at ECF p. 7. In an addendum filed as an attachment to the Complaint, Plaintiff identifies the case in which the pending charges exist, Case No. CF-2014-86, District Court of Garfield County, State of Oklahoma. *See* Compl., Addendum [Doc. No. 1-2].

In Claim 2, Plaintiff alleges that he should have been released on January 15, 2016 and that he was "held 4 more days that [he] was suppose[d] to be held." He brings this claim against James Crabtree Correctional Center. *See* Compl. at ECF p. 7; *see also* Addendum. Plaintiff attaches to the Complaint a Certificate of Release [Doc. No. 1-3] from the Oklahoma Department of Corrections showing that on January 15, 2016, he discharged his sentence in Case No. CRF-2011-141, District Court of Garfield County, State of Oklahoma. As relief, Plaintiff seeks

---

[1] The envelope in which Plaintiff submitted his Complaint for filing shows Plaintiff's return address as the Garfield County Jail. *See* Compl., Envelope [Doc. No. 1-1].

[2] In the caption of the Complaint, he identifies this defendant as the Garfield County Jail.

monetary damages for the period of time he was illegally held and "property [he] still ha[s] yet to receive." *See* Compl. at ECF p. 8.[3]

Plaintiff identifies in the caption of the Complaint an additional defendant, Paul Woodward. Plaintiff does not bring any claim for relief against Defendant Woodward. However, in the Addendum, Plaintiff alleges that Defendant Woodward is the judge who presided over Plaintiff's criminal case in Garfield County District Court. He alleges that Defendant Woodward "knows law and is not abiding by it." *See* Addendum at ECF p. 3. He further alleges that "council on judicial complaints have been notified on [his] behalf." *See id*.

The Court takes judicial notice of the public records concerning the Garfield County criminal case identified by Plaintiff, Case No. CF-2014-86, available at http://www.oscn.net. On April 26, 2016, a jury found Plaintiff guilty of rape in the first degree. On May 17, 2016, the state district court denied Plaintiff's motion for a new trial. On May 31, 2016, the state district court entered its judgment and sentence and Plaintiff has proceeded with an appeal of his conviction to the Oklahoma Court of Criminal Appeals (OCCA).

## II.   Standard for Dismissal

Pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii), dismissal of a complaint is proper where the action is frivolous or malicious or fails to state a claim upon which relief may be granted. In addition, dismissal of a complaint is proper if the complaint seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(iii).

The Court's review of a complaint under § 1915(e)(2)(B)(ii) mirrors that required by Fed. R. Civ. P. 12(b)(6). The Court must accept the plaintiff's allegations as true and construe them,

---

[3] Plaintiff also attaches a grievance related to this issue in which he was told he would remain at Garfield County Jail due to his pending charges. *See* Inmate Request to Staff Form [Doc. No. 1-3] at p. 2.

and any reasonable inferences to be drawn from them, in the light most favorable to the plaintiff. *See Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007). Because Plaintiff is proceeding pro se, his complaint must be construed liberally. *Id.* at 1218. The Court "review[s] the complaint for plausibility; that is, to determine whether the complaint includes enough facts to state a claim to relief that is plausible on its face." *Young v. Davis*, 554 F.3d 1254, 1256 (10th Cir. 2009) (quotations and citation omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### III. Analysis

#### A. Plaintiff's Claims for § 1983 Relief are Premature

Plaintiff seeks damages in this § 1983 action arising out of his pretrial detention and state criminal charges.[4] As set forth, Plaintiff's state criminal proceedings remain ongoing while Plaintiff pursues a direct appeal of his conviction to the OCCA.

"[A] state prisoner's claim for damages is not cognizable under § 1983 if 'a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence,' unless the prisoner can demonstrate that the conviction or sentence has previously been invalidated."

---

[4] Plaintiff also claims his charges should be dropped. But such a claim challenges the fact or duration of Plaintiff's confinement and seeks immediate or speedier release. Therefore, any such claim must be brought in a separately filed habeas corpus action. *See Palma-Salazar v. Davis*, 677 F.3d 1031, 1035 (10th Cir. 2012) ("[A] prisoner who challenges the fact or duration of his confinement and seeks immediate release or a shortened period of confinement, must do so through an application for habeas corpus. In contrast, a prisoner who challenges the conditions of his confinement must do so through a civil rights action.") (citations omitted)). Moreover, Plaintiff must exhaust state court remedies before pursuing federal habeas relief. *See, e.g., Green v. Whetsel*, 164 F. App'x 710, 711 (10th Cir. 2006) (*citing Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 489-91 (1973) (holding that the exhaustion requirement applies to § 2241 habeas petitions brought by pretrial detainees)); *see also* 28 U.S.C. § 2254(b)(1). Plaintiff's pending appeal before the OCCA demonstrates he has failed to satisfy the exhaustion requirement.

4

*Edwards v. Balisok*, 520 U.S. 641, 643 (1997) (*quoting Heck v. Humphrey*, 512 U.S. 477, 487 (1994)). Furthermore, "*Heck* precludes § 1983 claims relating to pending charges when a judgment in favor of the plaintiff would necessarily imply the invalidity of any conviction or sentence that might result from prosecution of the pending charges. Such claims arise at the time the charges are dismissed." *Beck v. City of Muskogee Police Dep't*, 195 F.3d 553, 557 (10th Cir. 1999); *see also Ippolito v. Justice Service Div.*, 562 F. App'x 690, 692 (10th Cir. 2014) (recognizing *Heck's* applicability to a civil claim involving pretrial detention and concluding that "*Heck* precludes recovery of damages for [the plaintiff's] pretrial detention in the absence of a prior award of habeas relief"). To the extent Plaintiff's § 1983 claims for damages necessarily implicate the validity of his conviction and sentence, Plaintiff's claims are barred by the principles announced in *Heck*.

### B. Defendants Garfield County Jail and James Crabtree Correctional Center are not Suable Entities

Plaintiff brings § 1983 claims against the Garfield County Jail and the James Crabtree Correctional Center. But these Defendants lack a separate identity and are not suable entities in a § 1983 action. *See, e.g., Lindsey v. Thomson*, 275 F. App'x 744, 747 (10th Cir. 2007) (affirming dismissal of § 1983 claims against police departments and county sheriff's department, entities with no apparent legal existence); *Aston v. Cunningham*, No. 99-4156, 2000 WL 796086 at *4 n. 3 (10th Cir. June 21, 2000) (unpublished op.) (affirming dismissal of county jail as defendant in prisoner's § 1983 action on basis that "a detention facility is not a person or legally created entity capable of being sued"). Therefore, Plaintiff's claims against the Garfield County Jail and the James Crabtree Correctional Center should be dismissed with prejudice for failure to state a claim upon which § 1983 relief may be granted.

### C. Plaintiff's Claims Against Defendant Woodward Are Wholly Conclusory and Otherwise Barred by Judicial Immunity

Defendant Woodward is a district judge in the District Court of Garfield County, State of Oklahoma and presided over Plaintiff's criminal trial in Case No. CF-2014-86. Plaintiff's sole allegation against Defendant Woodward, that he "knows the law and is not abiding by it," is wholly conclusory and subject to dismissal on this ground alone. Moreover, it is apparent that Plaintiff's claim against Defendant Woodward arises out of Plaintiff's criminal trial.

"The Supreme Court of the United States has long held that judges are generally immune from suits for money damages." *Stein v. Disciplinary Bd. of Sup.Ct. of N.M.*, 520 F.3d 1183, 1195 (10th Cir. 2008) (citation omitted); *see also Hunt v. Bennett*, 17 F.3d 1263, 1266 (10th Cir. 1994) (claims brought pursuant to § 1983 and alleging that judges violated the plaintiff's constitutional rights while presiding over his criminal trial were subject to absolute judicial immunity). Notably, Plaintiff does not allege any facts to suggest that Defendant Woodward acted "in the clear absence of all jurisdiction" or that his actions were not taken in his "judicial capacity." *Stein*, 520 F.3d at 1195; *see also Ledbetter v. City of Topeka*, 318 F.3d 1183, 1189 (10th Cir. 2003). Accordingly, it is recommended that Plaintiff's claim against Defendant Woodward be dismissed with prejudice for failure to state a claim upon which § 1983 relief may be granted.[5]

In sum, Plaintiff's Complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

---

[5] *See Glaser v City and Cnty of Denver*, 557 F. App'x 689, 706 (10th Cir. 2014) (affirming the district court's dismissal of claims against state court judge and prosecutor "with prejudice").

## RECOMMENDATION

It is recommended that the Complaint [Doc. No. 1] be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). For the reasons set forth above, the claims against Defendants James Crabtree Correctional Center, Garfield County Jail and Paul Woodward should be dismissed with prejudice. The dismissal of Plaintiff's Complaint should count as a "strike" pursuant to 28 U.S.C. § 1915(g).

## NOTICE OF RIGHT TO OBJECT

Plaintiff is advised of his right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objection must be filed with the Clerk of the District Court by September 13, 2016. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Moore v United States*, 950 F.2d 656 (10th Cir. 1991).

## STATUS OF REFERRAL

This Report and Recommendation disposes of all issues referred by the District Judge in this matter.

ENTERED this 23rd day of August, 2016.

_____
BERNARD M. JONES
UNITED STATES MAGISTRATE JUDGE